UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
MARIO ESTIVERNE, et al.,

                      Plaintiffs,                       **MEMORANDUM AND ORDER**

          -against-                                 06-CV-6617 (NG)

RASHEDA GOODWINE, et al.,

                      Defendants.
-------------------------------------------------------------x

**ROANNE L. MANN, UNITED STATES MAGISTRATE JUDGE:**

       Currently pending before this Court is plaintiffs' application, filed April 11, 2011, to reopen expert discovery, which closed in 2009, to allow plaintiffs to serve expert reports on damages within 45 days, followed by defendants' expert disclosure on damages and depositions of damages experts. See Plaintiffs' Request to Reopen Expert Discovery (Apr. 11, 2012), Electronic Case Filing Docket Entry ("DE") #178. The Hospital defendants oppose plaintiffs' request. See Letter in Opposition (Apr. 11, 2012), DE #179. For the reasons that follow, plaintiffs' application is denied.

       As a preliminary matter, plaintiffs fail to acknowledge that their pending letter-request is essentially a motion for reconsideration. At the conclusion of the settlement conference held before the undersigned magistrate judge on March 22, 2012, plaintiffs' counsel requested that this Court set a schedule for expert discovery on damages. The Court replied that, to the best of its recollection, expert discovery had closed long ago. Plaintiffs' counsel thereupon proffered the same arguments now advanced in their letter-request: i.e., that plaintiffs are of modest means, and that having motions practice precede expert discovery on damages was a logical way to proceed. Noting that plaintiffs should have timely sought judicial authorization

to defer expert discovery on damages until after motions practice, the Court nevertheless agreed to review the court file to confirm that expert discovery had not been bifurcated in the manner plaintiffs were now proposing. The Court did so immediately following the confrence and included in the Minute Entry entered that afternoon a series of citations to the court file "reflect[ing] that all expert discovery concluded in 2009, before motions practice." Minute Entry (Mar. 22, 2012), DE #172.[1]

In again requesting that this Court set a new schedule for expert discovery on damages, plaintiffs ignore their obligation under Rule 6.3 of the Local Civil Rules for the Southern and Eastern Districts of New York, which requires that a party moving for reconsideration "set[] forth concisely the matters or controlling decisions which counsel believes the Court has overlooked." Local Civ. R. 6.3. Courts have held that Local Civil Rule 6.3 is to be "narrowly construed and strictly applied so as to avoid repetitive arguments on issues that have been fully considered by the court." Ocello v. City of New York, No. CV-05-3725, 2008 WL 2827424, at *5 (E.D.N.Y. July 21, 2008) (internal citation omitted). Furthermore, "reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked – matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995) (internal citations omitted). In short, reconsideration is "an

---

[1] More than two weeks later, plaintiffs wrote to the Honorable Nina Gershon, the District Judge assigned to this case, requesting that she reopen expert discovery. See Letter to Judge Gershon (Apr. 6, 2012), DE #175. Plaintiffs failed to disclose that this Court had already declined to set a new schedule for expert discovery on damages; indeed, they failed to cite this Court's Minute Entry of March 22, 2012.

extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." Quezada v. Brown, No. 08-CV-5088 (KAM), 2011 WL 4975343, at *1 (E.D.N.Y. Oct. 19, 2011) (internal quotation and citations omitted).

Courts in this Circuit have identified three basic situations in which reconsideration is proper: (1) where there has been "an intervening change in controlling law," (2) where new evidence is available, or (3) where there is a need "to correct a clear error or prevent manifest injustice." See Cordero v. Astrue, 574 F.Supp.2d 373, 379-80 (S.D.N.Y. 2008) (quoting Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd., 956 F.2d 1245, 1255 (2d Cir. 1992)); accord Quezada, 2011 WL 4975343, at *1. Plaintiffs' latest request to reopen expert discovery simply recycles the same arguments raised and rejected at the March 22nd conference. On this ground alone, the Court would be entitled to deny the motion without reviewing the merits of plaintiffs' arguments.

In any event, the justifications offered by plaintiffs for having ignored the Court's scheduling orders of 2008 and 2009 are unavailing. That plaintiffs may be of modest means, and that plaintiffs may have preferred to engage in motions practice before retaining an expert on damages, do not excuse, or even explain, their failure to have filed a timely motion to modify the court-imposed deadline for serving and completing expert disclosure. As plaintiffs have failed to establish "good cause" for modifying the Court's schedule for expert discovery, see Fed. R. Civ. P. 16(b)(4), their application to reopen that discovery, which closed in 2009, is hereby denied.

        SO ORDERED.

Dated:    Brooklyn, New York
            April 17, 2012

                                        **ROANNE L. MANN**
                                        **UNITED STATES MAGISTRATE JUDGE**